## HAMLET and others *v.* FLETCHER and others.[1]

*(Circuit Court, E. D. Lousiana. June 4, 1885.)*

REMOVAL OF CAUSES—SEPARATE CONTROVERSY—SERVICE OF PROCESS.

In a suit in a state court against a commercial firm, which is brought into court by service of process upon one of its members, who appears and defends for it and himself to a point beyond the time allowed for the legal removal of the cause to the federal court, service at that late day of process upon another member of the firm would not affect the removability of the cause, and make it a removable one, unless there is in the suit a controversy which is wholly between citizens of different states, which can be fully determined as between them, and which could not have been tried before the term at which the removal was applied for.

On Motion for Rehearing on order to remand to the state court.

*B. R. Forman,* for plaintiffs.

*E. H. Farrar* and *E. B. Kruttschnitt,* for defendants.

PARDEE, J. The petition of Hamlet, Bliss, and Elliott, citizens of Alabama, against Fletcher, Weissenberg & Co., alleged to be a commercial firm, residing and doing business in New Orleans, and composed of John F. Fletcher, Thomas O'Connor, William Weissenberg, and George M. Fletcher, was filed in the civil district court of the parish of Orleans, March 17, 1883. Service of citation was made, as appears by the sheriff's return, on the same day on the firm, and on William Weissenberg through William Weissenberg in person. April 6, 1883, William Weissenberg individually, and on behalf of the firm, appeared and filed exceptions on his own behalf, and on behalf of the firm, which exceptions went to the merits of the whole case. The exceptions were tried on April 13, 1883, and sustained on the seventeenth of the same month. An appeal was taken to the supreme court of the state, and at the November term of that court the judgment below was reversed, and the case was remanded for further proceedings.

In the lower court, May 22, 1884, the said William Weissenberg answered for himself and the firm. June 4, 1884, citation and the original petition were served on John F. Fletcher individually, and as a member of the firm of Fletcher, Weissenberg & Co. June 17th of the same year Fletcher filed exceptions individually and on behalf of the firm. These exceptions, it appears, were cumulated with the merits, and on November 28, 1884, Fletcher filed his answer. The case was set down for trial on December 4, 1884, but not being reached was ordered to be continued to the next jury term. February 5, 1885, William Weissenberg and John F. Fletcher joined in a petition for the removal of the case to this court, on the ground that they were citizens of Tennessee, and the plaintiffs were citizens of Alabama, and that the suit involves a controversy wholly between citizens of

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

different states. Bond was filed, and the case removed to this court.

It is clear that the case was not removable at the time service of citation was made on Fletcher. This is conceded. If Fletcher was a party before the service by reason of the commercial character of the partnership of Fletcher, Weissenberg & Co., and his membership thereof, then service of citation at a late day in the suit would not affect the removability of the case.

If he was not a party until served with citation, and at the time of such service the suit was not removable, then bringing him in would not make the case a removable one, unless there is in the suit a controversy which is wholly between citizens of different states, which can be fully determined as between them, and which could not have been tried before the term at which the removal was applied for.

No such controversy is alleged, and the record, as recited, shows that Fletcher's appearance brought no new controversy into the cause; that after his appearance it was the same as before; and that such controversy not only could have been tried at a previous term, but actually was tried. How the case would stand, as to right to remove, had Fletcher made such defense that there could be said to be in the suit a controversy wholly between him and citizens of a different state, and which could be fully determined as between them, and had removed the case by himself on such ground, it is not necessary to determine. As the cause stands here now it is clear that it should be remanded, and therefore the rehearing on the order heretofore granted remanding the cause is refused.